### MANHATTAN BRICK & TERRA-COTTA CO. v. CLARK.

(City Court of New York, General Term.  March 26, 1901.)

PLEADING—ANSWER—GENERAL DENIAL—SPECIAL DEFENSE—ADMISSIONS.

Plaintiff sued defendant for a balance for goods sold and delivered. The answer admitted that plaintiff was a corporation, but denied the rest of the allegations of the complaint, and set up as a special and separate defense that M., who claimed to be doing business under the name of plaintiff, sold to defendant certain goods, and that defendant paid to M. a certain amount on account, which left a balance due of $993, against which the defendant had a counterclaim of $1,400 for money loaned to M. *Held*, that the allegation in the separate defense was not an admission that $993 was due plaintiff, since after the general denial the burden was on plaintiff to show a sale and delivery of the goods, and the allegation in defendant's separate answer could not be construed as an admission, as against the general denial.

Appeal from trial term.

Action by the Manhattan Brick & Terra-Cotta Company against Nathan E. Clark. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before SCHUCHMAN and DELEHANTY, JJ.

Franklin Bien, for appellant.
James F. Mack, for respondent.

SCHUCHMAN, J. The action was brought to recover the balance due for goods sold and delivered by the plaintiff to the defendant. The answer admits that the plaintiff is a corporation, by not denying the allegation of the complaint in that regard. The answer then sets up a general denial of the two causes of action alleged in the complaint. The answer further sets up a separate and distinct defense, to wit:

"That originally, between two certain dates, one Robert H. Matthews, who represented to the defendant that he was doing business under the name of the Manhattan Brick & Terra-Cotta Company, sold to the defendant herein certain terra cotta at the agreed price of $1,976.30, and also furnished a team at the agreed price of $10.50; and that the defendant herein paid to the said Robert H. Matthews, relying upon the fact that he was doing business with him as aforesaid, the sum of $950 on account, and returned merchandise to

the amount of $43.61, making a total credit of $993.61, and leaving a balance of $993.19, against which this defendant has a counterclaim or set-off amounting to the sum of about $1,400, being a balance of moneys loaned and advanced by the defendant to the said Robert H. Matthews during the time he was doing business with the said Robert H. Matthews as mentioned in the complaint herein, which was the same material and team furnished to the defendant by the said Robert H. Matthews under the agreement that the aforesaid balance mentioned in the complaint, to wit, $993.19, was to be deducted from the balance due to the defendant for moneys loaned to the said Robert H. Matthews."

The trial judge held as follows:

"The issue in this action is whether these goods were sold and delivered by the plaintiff, the Manhattan Brick & Terra-Cotta Company, as a corporation, or by Mr. Matthews individually. As to the sale and delivery of the goods, they are admitted in the answer, and that the amount due is $993.19."

This, we claim, was error. The answer was a general denial, and under that the plaintiff was bound to prove his case; to wit, a sale and delivery of the goods by the plaintiff to the defendant. The statement made in the separate and distinct defense in the defendant's answer, which the court construed as an admission, could not, in law, be construed as an admission of the sale and delivery. A defendant has a right to set up several inconsistent defenses, but every defense stands separate and independent. For that reason the trial judge could not take the admission made in the separate and distinct defense as a proof of the plaintiff's cause of action against the defense of a general denial. The plaintiff was therefore bound to prove his case, to wit, the sale and delivery of the goods, by a preponderance of evidence, irrespective of certain statements and admissions made in the separate and distinct defense set up in the answer. This, we claim, he failed to do.

The judgment and order appealed from must therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

DELEHANTY, J., concurs.